## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. IRVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV183 FRB |
| | ) | |
| KEVIN CULTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William Irving (registration no. 182906), an inmate at Potosi Correctional Center ("PCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint. Finally, plaintiff has submitted several motions, which the Court will rule in this Order.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $0.30.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and state law.  Named as defendants are Kevin Culton, Correctional Officer; Troy Steele, Warden; Heather Cofer, Functional Unit Manager; Unknown Stanstore, Correctional Officer; Unknown Nunn, Correctional Officer; Unknown Taylor, Correctional Officer; Unknown Warden, Correctional Officer; Unknown Harper, Correctional Officer; Unknown Stanilaus, Psychiatrist; Phil Senter, Chief of Mental Health; Tim Lancaster, Investigator; Unknown Huitt, Correctional Officer; Thomas Collins, Caseworker; Brian Allen, Caseworker; Linda Penberthy, Psychiatrist; Al Whitehead, Psychiatrist; Ian Wallace, Deputy Warden; Larry Hines, Caseworker; and Judith Fischer, Psychiatrist.

Plaintiff alleges that he was transferred to PCC on September 1, 2011.  Plaintiff claims that at that time he had a pending lawsuit against defendant Steele, relating to a complaint plaintiff lodged against Steele when Steele was the Superintendent at the Southeast Correctional Center.  Plaintiff says that shortly after he arrived at PCC defendant Culton told him that he would not be allowed any recreation time because of plaintiff's lawsuit against Steele.  Plaintiff asserts that he was not allowed any recreation time from the day he entered PCC to the day he mailed the instant complaint.

Plaintiff says that he has been awarded several cash prizes by famouspoets.com in amounts up to $25,000.  Plaintiff claims that when Culton became aware of these prizes he began to threaten and harass plaintiff.  Plaintiff alleges that Culton, Warden, Taylor, and Nunn would try to create situations where plaintiff would act out and receive conduct violations.

Plaintiff alleges that on December 5, 2011, defendants Culton, Warden, Taylor, and Huitt came to his cell to take him to sick call.  Plaintiff says that while Huitt was applying handcuffs she said to him, "They are trying to kill you!"  Plaintiff claims that he sent grievances on this issue to defendants Cofer and Crump.

Plaintiff says defendant Lancaster investigated the December 5, 2011, incident but that Lancaster did not do anything about it.

Plaintiff maintains that on January 4, 2012, defendants Cofer and Allen held a due process hearing.  Plaintiff claims Cofer chastised him for filing grievances, and he says she told him not to file any more of them.  Plaintiff asserts that Cofer then sent him to administrative segregation for any additional ninety days.

Plaintiff claims that on January 5, 2012, he had a verbal confrontation with defendant Culton while he was in his cell.  As a result of the confrontation, plaintiff says, defendants Stanstore, Culton, and Nunn came to his cell and opened it.  Plaintiff avers that Culton then sprayed pepper spray in his face without provocation.  Plaintiff states that Culton then began hitting him, and plaintiff claims that Culton continued to hit him after he was handcuffed.

Plaintiff alleges that he was not allowed to shower after the incident.  Plaintiff claims that he was then sent to administrative segregation where all of his clothing and property were removed.  Plaintiff states that administrative segregation was ordered and approved by defendants Cofer and Steele.

Plaintiff avers that he saw defendant Stanilaus on January 18, 2012.  Plaintiff claims Stanilaus asked him about his poetry, and plaintiff says that Stanilaus then began falsifying her patient notes regarding plaintiff in retaliation for plaintiff having filed grievances against her.  Plaintiff alleges that Stanilaus used these false statements to forcibly administer psychotropic medications to plaintiff.

Plaintiff claims that on January 25, 2012, defendants Fisher, Warden, Wallace, Whitehead, Penberthy, and Collins held a due process hearing.  Plaintiff says he was not allowed to introduce any evidence at the hearing.  Plaintiff alleges that defendant Wallace testified that plaintiff hit Culton in the eye on January 5, 2012, necessitating the use of force.  Plaintiff asserts that Collins testified that plaintiff had twenty conduct violations in a six month period, which plaintiff claims is false.  And plaintiff claims that defendants Penberthy, Whitehead, Stanilaus, and Senter said that plaintiff was suicidal and that he had refused his medications on twenty occasions.  Plaintiff asserts that these accusations are false and that they were made in order to punish him by forcing him to take psychotropic medications.

Plaintiff has attached to the complaint a Clinical Due Process Hearing Summary, dated January 6, 2012.  In this document, defendants Fisher and Wallace, along with Betty Bequette, found that plaintiff suffered from a mental illness, that the recommended medication was in his best interest, that plaintiff was either gravely disabled or posed a serious threat to himself or others, that plaintiff was in danger of serious physical harm resulting from his failure to provide for his own health or safety, that plaintiff manifested serious deterioration in his routine functioning, and that a substantial risk existed that physical harm would be inflicted by plaintiff on his own self.   These findings led these defendants to the conclusion that involuntary

-6-

administration of psychotropic medication was necessary for the proper treatment of plaintiff's medical needs.

## Discussion

1.   <u>The Complaint</u>

Liberally construing the complaint, the Court finds that it survives initial review as to plaintiff's claims against Culton for excessive force and refusing to allow plaintiff any recreation; Steele for placing plaintiff in administrative segregation without any clothing; Cofer for retaliation and placing plaintiff in administrative segregation without any clothing; and Stanilaus, Senter, Collins, Penberthy, Whitehead, Wallace, and Fisher for due process violations relating to plaintiff's forced medication claim.  The Court will allow plaintiff's state law causes of action to proceed against these defendants at this time.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that

defendants Stanstore, Nunn, Taylor, Warden, Harper, Lancaster, Huitt, Allen, and Hines were directly involved in or personally responsible for the alleged violations of his constitutional rights.  See  Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right.").  As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

        2.    <u>Plaintiff's Motions</u>

Plaintiff has filed a Motion Requesting a Copy of the Complaint and for Fees to be Waived.  Insofar as plaintiff requests a copy of the complaint, the motion will be granted.  According to plaintiff's prison account statement, he receives $8.50 per month and has $2.12 deducted for a lien, leaving plaintiff with $6.38 per month.  The Court finds that these are sufficient funds for plaintiff pay the initial partial filing fee.  As a result, the motion will be denied to the extent that it requests a waiver of the filing fee.

Plaintiff has filed a Motion Requesting Independent Investigation and Appropriate Action by United States Attorney in Line with 28 U.S.C. § 242 for Possible Federal Criminal Charges Against Defendants.  The motion is frivolous, and the Court will deny it.

Plaintiff has filed Motion Requesting Service of Complaint and Summons.  The motion is moot.

Plaintiff has filed a Motion Requesting Court to Direct/Arrange for Plaintiff to Take Affidavits of Inmate Witnesses. The motion is without merit. Discovery has not yet been authorized in this case. The motion will be denied.

Plaintiff has filed a Motion to Preserve Video Tape as Evidence. The motion is without merit. It is defendants' duty to preserve the evidence. The motion will be denied.

Plaintiff has filed a Motion for Appointment of Counsel. The Court does not believe that this case is so factually or legally complex as to warrant appointment of counsel at this time. As a result, the Court will deny the motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Kevin Culton, Troy Steele, Heather Cofer, Unknown Stanilaus, Phil Senter, Thomas Collins, Linda Penberthy, Al Whitehead, Ian Wallace, and Judith Fisher.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Kevin Culton, Troy Steele, Heather Cofer, Unknown Stanilaus, Phil Senter, Thomas Collins, Linda Penberthy, Al Whitehead, Ian Wallace, and Judith Fisher shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Stanstore, Unknown Nunn, Unknown Taylor, Unknown Warden, Unknown Harper, Tim Lancaster, Unknown Huitt, Brian Allen, or Larry Hines because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting a Copy of the Complaint and for Fees to be Waived [Doc. 5] is **GRANTED** in part and **DENIED** in part.  The Clerk shall send to plaintiff a copy of the complaint.  The Court will not waive the initial partial filing fee.

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting Independent Investigation and Appropriate Action by United States Attorney in Line with 28 U.S.C. § 242 for Possible Federal Criminal Charges Against Defendants [Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting Service of Complaint and Summons [Doc. 7] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion Requesting Court to Direct/Arrange for Plaintiff to Take Affidavits of Inmate Witnesses [Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Preserve Video Tape as Evidence [Doc. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel [Doc. 10] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of March, 2012.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE