UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. IRVING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEVIN CULTON, et al., )<br>)<br>Defendants. ) | No. 4:12CV183 FRB |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to stay this action and his motion "requesting stay be enforced and allowing plaintiff to respond to defendants' motions after stay is lifted." Both motions will be denied.

Plaintiff requests that the Court stay this action because he is in administrative segregation and because he is busy pursuing other civil cases. Defendants Culton, Steele, Cofer, Collins, and Wallace do not object to the stay because the Washington County Prosecutor's Office is reviewing the evidence to determine if criminal charges should be filed against plaintiff for allegedly assaulting defendant Culton.

The Court issues stays in very limited circumstances. See Wallace v. Kato, 127 S. Ct. 1091 (2007) (court should issue stay in false arrest actions where charges are ongoing); Rhines v. Weber, 544 U.S. 269, 277 (2005) (stay may be issued in habeas action to exhaust claims in "mixed petition"). The Court will not issue a stay to relieve

a plaintiff from timely prosecuting his lawsuit. If plaintiff is not able to timely prosecute this action, plaintiff may move for voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. The motion to stay, therefore, is denied.

In his motion "requesting stay be enforced and allowing plaintiff to respond to defendants' motions after stay is lifted," plaintiff requests (1) that the requested stay be enforced, (2) an extension of time to respond to defendants' motions to dismiss, and (3) that defendant Steele order his employees to give plaintiff greater access to the law library.

Plaintiff's request that the stay be enforced is moot in light of the Court's ruling above. Moreover, plaintiff has already responded to the motions to dismiss. So the request for extension of time is also moot.

A court will not issue injunctive relief unless the plaintiff "establish[es] a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between plaintiff's access to the law library and the conduct asserted in the complaint. Moreover, plaintiff may not add an access to the courts claim to this case by interlineation. And plaintiff has not alleged facts showing that the suffered actual injury to any of his pending litigation, which is necessary to

state a claim for denial of access to the courts. Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Therefore, the motion to enforce the stay is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to stay this action [Doc. 27] and motion "requesting stay be enforced and allowing plaintiff to respond to defendants' motions after stay is lifted" [Doc. 43] are **DENIED**.

Dated this 12th day of July, 2012.

*Frederick R. Buckles*

FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE