# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. IRVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV183 FRB |
| | ) | |
| KEVIN CULTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Troy Steele, Kevin Culton, Heather Cofer, Thomas Collins, Charles Conrad, Christy Pashia, Jason Lee, and Dixie Metcalf's motions to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, the Court is required to review the amended complaint under 28 U.S.C. § 1915(e) and dismiss any portion of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted.

### Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. Gregory v. Dillard's, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under Fed. R. Civ. P.

8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

**The Amended Complaint**

Plaintiff, a prisoner, brings this action under 42 U.S.C. § 1983 against defendants in their individual capacities. Plaintiff was confined at Potosi Correctional Center ("PCC") at all times relevant to the complaint. Defendants are all officials at PCC.

In his amended complaint, which supersedes his original complaint, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005), plaintiff alleges that defendants Culton, Lee, and Metcalf retaliated against him by denying him the opportunity to exercise because he had filed complaints against defendant Steele.

Plaintiff asserts, in a conclusory manner, that defendants Culton, Lee, and Metcalf, along with other correctional officers, "calculated harassments in an attempt to stage situations . . . with the intent of entrapping me in violative conduct that would

allow them to employ the use of force and falsify a conduct violation to cover-up wrong doings and keep me in the hole."

Plaintiff says that he filed grievances against defendants Pashia and Metcalf. Plaintiff claims he was then approached by Culton, who told him to stop filing complaints or else plaintiff would "get what's coming."

Plaintiff asserts that he filed complaints about Culton with several different agencies but was not given any relief.

Plaintiff alleges that on January 5, 2012, Culton approached his cell and told him to "shut up about what [Culton] was doing and why he was doing it." Plaintiff says that he asked Culton to bring a supervisor over and Culton became angry at him for asking. Plaintiff claims that Culton then handcuffed his cell mate. Plaintiff asserts that Culton did not handcuff him, in violation of prison policy, and opened the door to the cell. Plaintiff claims that Culton and another officer then entered his cell, and he says he was "face-to-face" with them for a moment, before turning around and going to the back of his cell. Plaintiff alleges that while he had his back turned to Culton, Culton began spraying him with pepper spray for no legitimate reason. Plaintiff says he turned around and Culton sprayed his face as well. Plaintiff avers that Culton then began punching him on the back of his head and slamming his face against the steel portion of the bunk. Plaintiff claims that Pashia came into the cell and saw Culton hitting him.

Plaintiff says that Culton handcuffed him and hit him again while Pashia looked on and did nothing to protect him. Plaintiff alleges that Culton continued to hit him for about five minutes while using racial slurs. Plaintiff claims that Pashia deliberately blocked the view from the surveillance camera to the cell to hide what was going on.

Plaintiff says he was then taken to the medical unit. He claims that he had bruising on his limbs and head. Plaintiff asserts that defendant Paul, who is a nurse, told Pashia to let plaintiff shower so that he could wash the pepper spray off. Plaintiff alleges, however, that Pashia did not allow plaintiff to shower or give him access to soap.

Plaintiff alleges that he was then given "Limited Property/Strip Cell Status," which he says was ordered by defendants Cofer and Steele. Plaintiff says he was in the strip cell for four days.

Plaintiff alleges that on January 24, 2012, he had a due process hearing in front of defendant Cofer. Plaintiff claims that Culton "slandered [his] name" to Cofer before the hearing. During the hearing, alleges plaintiff, Cofer told plaintiff not to file any more complaints about his conditions of confinement with the prison or any other agency. Plaintiff avers that Cofer gave him an additional ninety days in administrative segregation because of, according to Cofer, his history of conduct violations. Plaintiff

alleges that Cofer actually gave him the additional time in retaliation for his having filed complaints about Culton.

**Discussion**

Defendant Steele moves for dismissal on the basis that he was not directly involved in the alleged constitutional violations, and furthermore, that he is entitled to qualified immunity. Plaintiff's only allegation against Steele is that Steele, along with Cofer, ordered him to be temporarily placed in a strip cell with no limited property.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

The Eighth Circuit Court of Appeals has recognized that the "conditions of PCC's temporary administrative segregation on limited property status certainly are not comfortable. But the Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.'" Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (quoting Farmer v. Brennan, 511 U.S. 825 (1994)). "[T]here is no absolute Eighth Amendment right not

to be put in a cell without clothes or bedding." Id. at 446. To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. Farmer, 511 U.S. at 834. The second requirement is subjective and requires that the inmate prove that the prison officials had a "sufficiently culpable state of mind." Id.

Plaintiff's claims regarding the strip cell do not state a claim under the Eighth Amendment because he has not alleged that he was subjected to a serious harm. As a result, the Court will dismiss Steele from this case. Moreover, because plaintiff has failed to allege a constitutional violation against Steele, he is entitled to qualified immunity. E.g., Pearson v. Callahan, 129 S. Ct. 808, 815 (2009).

Defendants Culton, Cofer, Collins, Conrad, Pashia, Lee, and Metcalf move for dismissal on the basis that plaintiff's claims do not state a claim for relief, are barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that they are entitled to qualified immunity.

Plaintiff alleges that Culton, Lee, and Metcalf retaliated against him by denying him the opportunity to exercise and that they tried to entrap him into getting conduct violations. Plaintiff asserts that Culton maliciously used pepper spray on him without cause, and he claims that Pashia failed to protect him from Culton. Plaintiff claims that

Cofer placed him in administrative segregation in retaliation for filing lawsuits. Plaintiff's only allegation against Conrad is that he is a member of a white supremacist group. And plaintiff has not made any allegations against Collins.

"In considering an alleged deprivation of adequate exercise, courts must consider several factors including: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement." Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992); see Peterkin v. Jeffes, 855 F.2d 1021, 1028-29 (3d Cir.1988) (two hours per day of outdoor exercise not considered cruel and unusual punishment); Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.1982) (one hour of exercise per day upheld as not violating the Eighth Amendment). The act of limiting exercise, by itself, is not enough to allege a constitutional violation. Wishon, 978 F.2d at 449. "On the other hand, lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." Id.

Plaintiff has not alleged that he suffered any injury or decline in health as a result of being denied the opportunity to exercise while in administrative segregation. As a result, the Court finds that plaintiff's denial of exercise claim does not state a plausible claim for relief.

Plaintiff's claim that defendants Culton, Lee, and Metcalf tried to entrap him into getting conduct violations does not state a claim for relief and is legally frivolous. See Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."). Similarly, plaintiff's claim that Conrad was a member of a white supremacist group does not state a plausible claim for relief.

Plaintiff's excessive force claim against Culton, regarding the alleged use of pepper spray and punching plaintiff, does state a plausible claim for relief under § 1983. Plaintiff's failure to protect claim against Pashia also states a proper claim for relief. Defendants argue, however, that these claims are barred by Heck because plaintiff has been charged with a Class B felony as a result of the incident.

Defendants' reliance on Heck is misplaced. First, Heck does not bar Eighth Amendment excessive force claims. See Huey v. Stine, 230 F.3d 226, 230 (6th Cir. 2000) ("Eighth Amendment claims do not run afoul of Heck because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law."); Figueroa v. Rivera, 147 F.3d 77, 82 (1st Cir.1998) (Eighth Amendment deliberate-indifference claim is not Heck-barred). Second, Heck does not bar § 1983 claims filed by persons with criminal charges pending in state court. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007). As a result, the Court will allow these claims to go forward.

The Court also finds that plaintiff's retaliation claims state a plausible claim for relief. "A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir.2007). Plaintiff's claim that defendants Culton, Lee, and Metcalf denied him exercise because he had filed a lawsuit against Steele states a prima facie case of retaliation. And plaintiff's claim that Cofer placed him in administrative segregation in retaliation for filing grievances does also. These claims will be allowed to proceed.

The amended complaint does not contain any allegations pertaining to defendants Stanilaus, Senter, Collins, Penberthy, Whitehead, Fisher, Crump, or Paul. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). As a result, the Court will dismiss these defendants under 28 U.S.C. § 1915(e).

Defendants further argue that they are entitled to qualified immunity. "Qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007). To determine whether a state actor is entitled to qualified immunity, the Court must resolve two

questions: first, whether the official deprived plaintiff of a constitutional right, and second, whether that right was so clearly established as the time that a reasonable official would have understood that his or her conduct was unlawful under the circumstances. Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007). In this case, plaintiff has stated plausible claims for relief against Culton, Cofer, Lee, and Metcalf. As a result, these defendants have failed to show that they are entitled to qualified immunity at this stage of these proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [Docs. 60, 65] are **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendants Steele, Stanilaus, Senter, Collins, Penberthy, Whitehead, Fisher, Crump, Conrad, and Paul are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that, as to defendants Culton, Cofer, Pashia, Lee, and Metcalf, the motion to dismiss is **DENIED**.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this _20th_ day of March, 2013.

*Frederick R. Buckles*
　　　　　　　　　　　　　　　　　　　
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE