```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

WILLIAM E. IRVING,                )
                                  )
              Plaintiff,          )
                                  )
         v.                       )    No.  4:12CV183 FRB
                                  )
KEVIN CULTON, et al.,             )
                                  )
              Defendants.         )
```

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant Heather Cofer's Motion for Summary Judgment (Doc. #110). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On February 1, 2012, plaintiff William E. Irving filed the instant prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging, *inter alia,* that defendant Heather Cofer, a Functional Unit Manager at Potosi Correctional Center (PCC), conducted a due process hearing on January 4, 2012, in relation to a grievance filed by plaintiff regarding a December 1, 2011, incident in which plaintiff claimed other PCC officers were attempting to provoke him to act out and receive conduct violations. Plaintiff alleges that during said hearing, Cofer chastised him for filing grievances and advised plaintiff not to file any more of them. Plaintiff alleges that Cofer then ordered plaintiff to continued assignment in administrative segregation

(ad. seg.) for an additional ninety days. Plaintiff further alleges that on the day following the hearing, plaintiff was sprayed with pepper spray in his cell after which he was sent to ad. seg. whereupon defendant Cofer ordered that all of plaintiff's clothing and property be removed. Plaintiff contends that he remained on this limited property/strip cell status from January 5 through January 9, 2012. In his Amended Complaint filed August 1, 2012, plaintiff makes these same allegations against defendant Cofer.

On July 24, 2013, defendant Cofer filed the instant Motion for Summary Judgment arguing that plaintiff failed to properly exhaust his administrative remedies with respect to his claim that she allegedly retaliated against him at the January 4, 2012, hearing by giving him additional ad. seg. time. In a Memorandum and Order entered September 24, 2013, the Court noted that plaintiff had not filed any memorandum in opposition to defendant Cofer's motion and granted plaintiff until October 15, 2013, by which to do so. (See Doc. #112.) To date, plaintiff has not responded to defendant Cofer's Motion for Summary Judgment. The Court now proceeds to take up and rule the motion.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This is a "threshold inquiry of . . . whether there

is a need for trial — whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Agristor Leasing v. Farrow, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. Anderson, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported Motion for Summary Judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256; Fed. R. Civ. P. 56(e).

Where the nonmoving party "fails to properly address another party's assertion of fact as required by Rule 56(c), the

court may . . . consider the fact undisputed for purposes of the motion . . . [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ."  Fed. R. Civ. P. 56(e).

Under 42 U.S.C. § 1997e(a), a prisoner may not bring an action under § 1983 "until such administrative remedies as are available are exhausted."  "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance."  Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. 81, 95 (2006)).

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court.  Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred.  If exhaustion was not completed at the time of filing, dismissal is mandatory.

Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).

In the instant Motion for Summary Judgment, defendant Cofer contends that plaintiff failed to bring a proper grievance on

his claim that Cofer retaliated against him at the January 4, 2012, hearing. Defendant's motion is supported by the affidavit of Robert Savage, the Grievance Officer at PCC. In addition, defendant Cofer filed a Statement of Uncontroverted Material Facts, which includes citations to the Savage Affidavit or the record in support of those facts. As noted above, plaintiff has failed to respond to defendant Cofer's Motion for Summary Judgment and thus has failed to controvert Cofer's supported factual averments. Accordingly, the undersigned will accept as true defendant Cofer's Statement of Uncontroverted Material Facts. Fed. R. Civ. P. 56(e)(2); E.D. Mo. L.R. 4.01(E).

The facts as demonstrated by defendant Cofer show that the Missouri Department of Corrections and its institutions provide an administrative grievance process for inmates. To initiate the grievance process, an inmate must file an Informal Resolution Request (IRR) within fifteen days from the date of the alleged incident. If an inmate is dissatisfied with the response to his IRR and wishes to pursue his complaint further, he must file an offender grievance within seven days of receiving a response to his IRR. If an inmate is dissatisfied with the response to his grievance, he must file an appeal within seven days of receiving the adverse response to his grievance. Only after the offender grievance appeal is filed and the offender receives a response is the Department's administrative grievance procedure exhausted.

PCC's Offender Grievance System shows plaintiff not to have filed any complaint with respect to the hearing conducted on January 4, 2012, at which plaintiff claims defendant Cofer ordered plaintiff confined to ad. seg. and instructed plaintiff to file no more grievances. As such, plaintiff failed to exhaust his administrative remedies with respect to his claim that defendant Cofer violated his constitutional rights at the hearing held on January 4, 2012. This claim should therefore be dismissed without prejudice. Sergent v. Norris, 330 F.3d 1084, 1086 (8th Cir. 2003).

The record is silent, however, as to whether plaintiff invoked and/or completed the grievance process in relation to his claim that defendant Cofer ordered him confined to ad. seg. on January 5, 2012, without property or clothing after being sprayed with pepper spray. Nor does defendant Cofer provide any argument or evidence demonstrating that she is entitled to summary judgment on this claim. As such, it cannot be said that defendant Cofer has established her right to judgment on this claim with such clarity as to leave room for no controversy and that plaintiff is not entitled to prevail on this claim under any discernable circumstances. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). Therefore, defendant's Motion for Summary Judgment should be denied as to plaintiff's claim arising out of defendant Cofer's January 5, 2012, order that he be confined to ad. seg. without property or clothing after being sprayed with pepper

spray.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Heather Cofer's Motion for Summary Judgment (Doc. #110) is granted in part and denied in part in accordance with the findings set out in this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's claim that defendant Heather Cofer retaliated against him at the January 4, 2012, due process hearing is dismissed without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _21st_  day of November, 2013.