UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. IRVING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV183 FRB |
| ) | |
| KEVIN CULTON, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff William E. Irving's Motion to Appoint a Guardian Ad Litem or, in the Alternative, Counsel (Doc. #115). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff William E. Irving proceeds in this prisoner civil rights action pro se and in forma pauperis. In the instant motion, plaintiff avers that he has been declared incompetent to proceed in a separate criminal cause of action, State v. Irving, No. 12WA-CR00517, and thus requests the appointment of a guardian ad litem in this action pursuant to Fed. R. Civ. P. 17(c)(2). In the alternative, plaintiff requests that counsel be appointed to represent him. The remaining defendant in the cause, Heather Cofer, has not responded to the motion and the time for doing so has passed. For the following reasons, plaintiff's motion should be denied.

A.  Guardian Ad Litem

Rule 17(c)(2) of the Federal Rules of Civil Procedure requires the Court to appoint a guardian ad litem—or issue another appropriate order—to protect an incompetent person who is unrepresented in an action. For a real party in interest to appear through the representation of another, an adequate explanation must be provided to demonstrate why the real party in interest cannot appear on his own behalf to prosecute the action. Cf. Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).

> [A] district court must consider invoking Rule 17(c) when it receives "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him . . . legally incompetent."

Mohamed v. TeBrake, 371 F. Supp. 2d 1043, 1046 (D. Minn. 2005) (quoting Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003)).

Here, the undersigned takes judicial notice of the court records in State v. Irving, No. 12WA-CR00517, and notes there to be no adjudication of incompetence therein. While a motion to declare plaintiff incompetent to proceed is pending in the cause, the matter has not yet been determined. Nor does the record contain verifiable evidence from a mental health professional demonstrating that plaintiff has or is being treated for a mental illness "of the

type that would render him legally incompetent." The Court does not consider the letter submitted by plaintiff from his criminal defense attorney indicating that a doctor has considered him to be incompetent (Doc. #115-1 at p. 1) to be "verifiable evidence from a mental health professional." In addition, the record demonstrates that, while plaintiff has been diagnosed as having a mental disorder, he has been and is currently receiving medication and treatment (id. at pp. 2-3). Finally, a review of plaintiff's submissions and filings in the instant cause of action shows plaintiff able to frame his arguments and the relevant issues in logical, coherent fashion with factual support and adherence to procedure.

Because the current record before the Court fails to demonstrate that plaintiff cannot appear on his own behalf to prosecute the action, the appointment of a guardian ad litem is not warranted at this time.

B. <u>Appointment of Counsel</u>

In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claims. <u>Stevens v. Redwing</u>, 146 F.3d 538, 546 (8th Cir. 1998).

The facts of this case are not complex. In the remaining

claim in this case, plaintiff alleges that defendant Cofer ordered him confined to administrative segregation without property or clothing after being sprayed with pepper spray. A reading of plaintiff's Complaint and Amended Complaint shows him able to investigate crucial facts. Plaintiff has adequately identified the circumstances giving rise to his claim, the persons involved, and the basis upon which he contends he is entitled to relief. With respect to the existence of conflicting testimony, the undersigned notes that various claims have been disposed due to plaintiff's failure to exhaust administrative remedies and not on account of the factual circumstances giving rise to the substance of plaintiff's case. To the extent conflicting testimony may exist on plaintiff's remaining claim, plaintiff has demonstrated in previous filings that he is able to solicit testimonial evidence relevant to the issues in the case. (See, e.g., Doc. #96, verified statements). Whether and to what extent conflicting testimony exists with respect to the substance of plaintiff's remaining claim will be evident upon further proceedings in the cause. Finally, the complexity of the legal issues does not merit an appointment of counsel at this time.

Because the factual nature of this case is not complex and plaintiff has provided the Court with details giving rise to his claim, the undersigned finds plaintiff able to adequately present his claim to the Court.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff William E. Irving's Motion to Appoint a Guardian Ad Litem or, in the Alternative, Counsel (Doc. #115) is denied without prejudice.

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this _21st_ day of November, 2013.